IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION - GREENBELT

DONNA SCHNEIDER,

    Plaintiff,

v.                                                    Civil Action No.:

RED ROBIN INTERNATIONAL, INC.
t/a RED ROBIN GOURMET BURGERS
& BREWS

    Defendant.

**DEFENDANT RED ROBIN INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY OF CITIZENSHIP)**

TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND (SOUTHERN DIVISION-GREENBELT), AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Red Robin International, Inc. t/a Red Robin Gourmet Burgers & Brews ("Red Robin") hereby removes the above-referenced action filed by Plaintiff Donna Schneider ("Plaintiff") from the Circuit Court for Prince George's County, State of Maryland, to the United States District Court for the District of Maryland, Southern Division-Greenbelt, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, asserting original federal jurisdiction. Pursuant to 28 U.S.C. § 1446(a), Red Robin sets forth the following "short and plain statement of the grounds for removal."[1]

---

[1] As stated by the United States Supreme Court, in borrowing the familiar "short and plain statement" standard from Fed. R. Civ. P. 8(a), Congress intended to "simplify the 'pleading' requirements for removal" and clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R.Rep. No. 100–889, p. 71 (1988)).

## I.     PLEADINGS AND PROCEEDINGS TO DATE

On November 23, 2020, Plaintiff filed her lawsuit in the Circuit Court for Prince George's County, State of Maryland, captioned *DONNA SCHNEIDER v. RED ROBIN INTERNATIONAL, INC. t/a RED ROBIN GOURMET BURGERS & BREWS.*, Case No. CAL20-18907 (the "State Court Action"). [2] The State Court Action asserts a negligence claim against Red Robin for an alleged slip incident that occurred on or about July 30, 2018, at a Red Robin restaurant located in Gambrills, Maryland. *See* generally, **Ex. A**. Red Robin has not filed a response to Plaintiff's Complaint in the State Court Action.

## II.     TIMELINESS OF REMOVAL

As provided by 28 U.S.C. § 1446(b), the notice to remove a civil action generally "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Red Robin was served with the State Court Action, including Plaintiff's Complaint and other papers, on December 8, 2020. Consequently, Red Robin's Notice of Removal is timely because it has been filed within 30 days of service of Plaintiff's initial pleading as required under 28 U.S.C. § 1446(b).

---

[2] A copy of all process, pleadings, orders, and other papers served on Red Robin's registered agent on December 8, 2020, related to the State Court Action, are attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

### III.     DIVERSITY JURISDICTION

**A.     Standard for Removal under 28 U.S.C. § 1332(a).**

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction of all civil actions where (1) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and (2) is between citizens of different States.

**B.     Removal is Proper Because Diversity Jurisdiction Exists.**

*1.     The Matter in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs.*

Regarding the amount in controversy, "[i]f the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is deemed to be the amount in controversy." *Owens*, 135 S. Ct. at 551 (quoting 28 U.S.C. § 1446(c)(2)). The notice of removal "need not contain evidentiary submissions." *Id.* "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

Plaintiff's Complaint filed in the State Court Action demands a judgment against Red Robin in excess of $75,000, plus a separate award for costs and interest.[3] **Ex. A**, p. 9. Based on Plaintiff's and Plaintiff's counsel's representations, presumably asserted in good faith, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, satisfying the first prong for diversity jurisdiction.

*2.     This Action is Between Citizens of Different States.*

A corporation is deemed to be a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"

---

[3] Red Robin does not concede, and in fact denies, the existence of any damages alleged by Plaintiff, and Red Robin further denies that is liable for the incident alleged in Plaintiff's Complaint. Red Robin contends only that the amount in controversy, based on the Plaintiff's allegations and other materials, exceeds $75,000, which establishes this Court's jurisdiction to hear the case.

28 U.S.C. § 1332(c)(1).  Here, Red Robin is a citizen of the State of Nevada and the State of Colorado, being that it is a (foreign) corporation organized under the laws of the State of Nevada, with a principal place of business located in the State of Colorado.

Plaintiff, at all relevant times, including at the time the State Court Action was filed and the time this Notice of Removal is being filed with this Court, was and is a citizen of the State of Maryland, residing in Prince George's County, Maryland 20772.  **Ex. A**, p. 6.

As required under § 1332(a), there is complete diversity of citizenship between Plaintiff and Defendant, satisfying the second and last prong for diversity jurisdiction.

## IV.    VENUE

Venue lies in the United States District Court for the District of Maryland, Southern Division-Greenbelt, pursuant to 28 U.S.C. § 1441(a).  The State Court Action was filed in the Circuit Court for Prince George's County, State of Maryland, which is located within the United States District Court for the District of Maryland, Southern Division-Greenbelt.

## V.    NOTICE OF REMOVAL

A true and correct copy of this Notice of Removal will be served on Plaintiff and filed with the Clerk of the Circuit Court for Prince George's County, State of Maryland, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant Red Robin International, Inc. prays that the above action pending before the Circuit Court for Prince George's County, State of Maryland, Case No. CAL20-18907, be removed to the United States District Court for the District of Maryland, Southern Division-Greenbelt, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: January 5, 2021

By: */s/ Thomas V. McCarron*
Thomas V. McCarron
Maryland Federal Bar No.: 08145
SEMMES, BOWEN & SEMMES
25 South Charles Street, Ste. 1400
Baltimore, MD 21201
Tel: 410.576.4854
Fax: 410.539.5223
tmccarron@semmes.com

*Counsel for Red Robin International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January 2021, a true and correct copy of the foregoing Notice of Removal and all attachments hereto were served by U.S. Mail and email on the following counsel of record:

Mark A. Kohl, #0512140154
DeCaro, Doran, Siciliano, Gallagher, & DeBlasis, LLP
17251 Melford Boulevard, Suite 200
Bowie, Maryland 20715
(301) 352-4950
(301) 352-8691 – fax
mkohl@decarodoran.com

*Counsel for Plaintiff*

/s/ Thomas V. McCarron
Thomas V. McCarron